UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDVISORS NETWORK, INC.

VERSUS

CLINT HUSSER AND
JAN E. HUSSER

CIVIL ACTION

NO. 14-062-JJB-RLB

## RULING ON PARTIAL MOTION TO DISMISS

This matter is before the Court on a Partial Motion (doc. 6) to Dismiss brought by Defendants, Clint Husser and Jan E. Husser (the "Hussers"). Plaintiff, Edvisors Network, Inc. ("Edvisors"), has filed an opposition (doc. 10). Oral argument is unnecessary. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. For the reasons stated herein, the Hussers' Partial Motion (doc. 6) to Dismiss is **DENIED.**

I.  Background

Edvisors brings this suit against the Hussers to recover money that was allegedly paid as a result of a fraudulent scheme orchestrated by the Hussers. Edvisors operates an online lending resource center that helps students find student loans. Edvisors uses approved affiliates to market their services. The Hussers, doing business as "Pay4mycollege," became affiliates of Edvisors on April 1, 2013 (Doc. 1, ¶ 12). As an affiliate, the Hussers placed an "Edvisors banner" on their website. The banner acted as a hyperlink for visitors to the Hussers' website, "www.pay4mycollege.com." The Hussers were compensated based upon the number of visitors who were routed to Edvisors' website and then completed questionnaires. (Doc. 1, ¶ 11). Edvisors alleges that the Hussers used the information of unknowing students to pose as students

1

in need of financial assistance and completed thousands of online questionnaires while purposefully concealing their true identity. (Doc. 1, ¶ 13).

Edvisors further alleges that at some point during the course of this fraudulent scheme, Clint Husser became involved in an illicit pay-for-sex relationship with a woman referred to as "Jane Doe." (Doc 1, at ¶ 18). Clint Husser allegedly paid Jane Joe $1 per questionnaire that she submitted to Edvisors through the Hussers' website and subsequently helped her become an affiliate with Edvisors in order to perpetrate the same fraudulent scheme on her website. (Doc. 1, ¶¶ 19-20). As a result of this illegal conduct, Edvisors alleges to have compensated the Hussers "over $90,000.00 in unearned, illegitimate commissions." (Doc. 1, ¶ 23).

The Hussers bring the present motion to dismiss arguing that Edvisors has failed to sufficiently allege a claim under the Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 U.S.C. § 1962, and under Louisiana's corresponding state law, La. Rev. Stat. § 15:1353. (Doc. 6).

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Facts must be viewed in the light most favorable to the non-movant. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual

allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. Discussion

### a. Plaintiff has established the three general elements needed for any RICO claim.

"The Racketeer Influenced and Corrupt Organizations Act … 18 U.S.C. §§ 1961–1968…, imposes criminal and civil liability upon those who engage in certain 'prohibited activities.'" *H.J. Inc. v. Northwestern Bell Telephone, Co.*, 492 U.S. 229, 232 (1993). Those prohibited activities are defined in § 1962 and generally include a pattern of racketeering activity associated with an enterprise. *Id.* If an individual is harmed by a defendant's violation of at least one § 1962 subsection, that individual can bring civil suit for treble damages under §1964. 18 U.S.C. § 1964. To succeed in a civil RICO suit, the plaintiff must first establish that the defendant violated at least one of the four subsections of § 1962. All four subsections have three common elements: 1) a person, 2) a pattern of racketeering activity, and 3) an enterprise. *Delta Truck & Tractor, Inc. v. J.I. Case Co,* 855 F.2d 241, 242 (5th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989).

First, under RICO, a person is "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). Additionally, "the RICO person must be one that either poses or has posed a continuous threat of engaging in acts of racketeering." *Delta Truck & Tractor, Inc. v J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). This continuity requirement is usually met by showing a pattern of racketeering activities. *Id.* As the named defendants in this action who allegedly conducted the pattern of racketeering activities, Clint Husser and Jan E. Husser are the RICO persons.

Second, "'a pattern of racketeering activity' requires at least two acts of racketeering activity" which includes wire fraud, mail fraud, and interstate transportation of stolen goods. 18 U.S.C. § 1961. To establish a pattern of racketeering activity, a plaintiff "must show that the racketeering predicates are *related,* and that they amount to or pose a threat of *continued criminal activity.*" *H.J. Inc. v. Northwestern Bell Telephone, Co.*, 492 U.S. 229, 239 (1993) (emphasis added). Edvisors alleges that the Hussers "posed as legitimate students in need of financial assistance, and completed thousands of online questionnaires by accessing the Edvisors network, through a webpage created solely to perpetrate their scheme." (Doc. 1, ¶ 13). Edvisors also alleges that the scheme was expanded by including Jane Doe and creating another affiliate website to perpetrate the same scheme. (Doc. 1, ¶¶ 19-20). The plaintiff claims in its petition that these actions violated 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 2315 (interstate transportation of stolen property). (Doc. 1, ¶ 30). In regard to mail fraud and interstate transportation of stolen property, the plaintiff does not specify what, if anything, was mailed or what, if anything, constituted stolen property. Yet, its alleged facts are sufficient to show wire fraud, which is a scheme to defraud money by using interstate wire transmissions, such as the internet. 18 U.S.C. § 1343; *see e.g. United States v. Stephens* 571 F.3d 401 (5th Cir. 2009). The Court also finds that the plaintiff pleaded sufficient facts to show a pattern of racketeering activity because it alleges that the defendants committed wire fraud thousands of times within the same overarching plan. (Doc. 1, ¶¶ 13, 23). These alleged facts show that the defendants committed more than two acts of racketeering, that the racketeering activity was related, and that there was a threat of continued criminal activity.

The third common RICO element is an enterprise, which is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals

associated in fact although not a legal entity." 18 U.S.C. § 1961(A)(4). An associated-in-fact enterprise must be a structured "a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. U.S.*, 556 U.S. 938, 946 (2009). Edvisors argues that three enterprises exist: the defendants' business "Pay4mycollege," the relationship between Jane Doe and Mr. Husser, and the marriage of Mr. and Mrs. Husser. The Court finds that because the Edvisors pleaded that Pay4mycollege is a business entity, it is a legal enterprise. *See U.S. v. Cauble*, 706 F.2d 1322, 1331 (5th Cir. 1983). The Court also finds that the plaintiff pleaded facts sufficient to establish the relationship between Mr. Husser and Jane Doe as an association-in-fact enterprise because Edvisors alleged that their association had the common purpose of completing fraudulent questionnaires, which it continued for some time, and that Mr. Husser was the lead decision maker. (Doc. 1, ¶¶ 18-23). The defendants concede that this association could be an enterprise as defined by §1961. (Doc. 6-1, at p. 5). As for considering the marriage community of Mr. and Mrs. Husser as an enterprise, the Court does not find this argument persuasive because the plaintiff cites no case law that recognizes marriage as an enterprise.

In sum, the Court finds that Edvisors pleaded facts sufficient to support all three of the common RICO elements.

### b. Plaintiff has established elements needed for each RICO subsection claim.

In addition to pleading facts that establish the three common RICO elements, the plaintiff's petition must also allege facts that establish that defendants' actions meet all the elements of at least one subsection of § 1962. "[I]n plain English, the [four] subsections state:

> (a) a person who has received income from a pattern of racketeering cannot invest that income in an enterprise.
>
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering.

5

(c) a person who is employed by or associated with an enterprise cannot conduct the enterprise's affairs through a pattern of racketeering.

(d) a person cannot conspire to violate subsections (a), (b), or (c)."

*In re Burzynski*, 989 F.2d 733, 741 (5th Cir. 1993). The alleged facts in its pleadings support a claim under each § 1962 subsection.

### i. § 1962(a)

"To establish a § 1962(a) violation, a plaintiff must prove 1) the existence of an enterprise, 2) the defendant's derivation of income from a pattern of racketeering activity, and 3) the use of any part of that income in acquiring an interest in or operating the enterprise." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000). "Moreover, there must be a nexus between the claimed violation and the plaintiff's injury." *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995). First, as previously discussed, Edvisors sufficiently pleaded facts to show that Pay4mycollege and Mr. Husser's relationship with Jane Doe are enterprises. Second, Edvisors pleaded facts that support the Hussers engaged in racketeering activities and derived income from those activities. (Doc. 1, ¶¶ 13, 16-17, 19-20, 23). Finally, Edvisors pleaded facts that make it plausible that the money paid to Jane Doe was earned through the wire fraud scheme. (Doc. 1, ¶¶ 13, 18-19). Edvisors also sufficiently alleges that because the defendants invested money in Jane Doe to establish another enterprise, the plaintiffs paid $90,000.00 to the defendants in unearned commission. (Doc. 1, ¶ 23). Therefore, the petition sufficiently alleges facts to support a 1962(a) claim.

### ii. § 1962(b)

Under 18 U.S.C. § 1962(b), a person cannot acquire or maintain any interest in or control of an enterprise through a pattern of racketeering activity. Edvisors alleges that the Hussers did business as pay4mycollege and that they fraudulently completed online questionnaires using

www.pay4mycollege.com. (Doc. 1, ¶¶ 12-13). These alleged facts make it plausible that the couple maintained control of Pay4mycollege, a legal enterprise, through their pattern of racketeering activity. Also, Edvisors alleges facts which make it plausible that Mr. Husser maintained control of the association-in-fact enterprise between himself and Jane Doe through his pattern of racketeering activity. (Doc. 1, ¶¶ 18-22). Furthermore, Edvisors alleges that maintaining control of these enterprises through wire fraud caused it to pay $90,000.00 in unearned commission. (Doc. 1, ¶ 23). These allegations sufficiently state a claim under 18 U.S.C. §1962(b).

### iii. § 1962(c)

Under § 1962(c), a "person employed by or associated with any enterprise…[cannot] conduct or participate…in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The word "conduct" in this section "requires an element of direction," so that in order to be found liable under this subsection, a person must have at least some part in directing the enterprise's affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 178-79 (1993). Also a section 1962(c) claim requires the RICO person to be distinct from the RICO enterprise. *In re Burzynski*, 989 F.2d at 743. For a business enterprise, "the corporate owner or employee…is distinct from the corporation itself [because it] is a legally different entity with different rights and responsibilities." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001). For association-in-fact enterprises, the court recognizes that "a collective entity is something more than the members of which it is comprised," and therefore "a defendant can be both a person and a part of an enterprise." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 447 (5th Cir. 2000) (citation omitted). Because Clint Husser and Jan E. Husser, the RICO persons in this case, are natural persons, they are sufficiently distinct from their business

"Pay4mycollege." Also, because Mr. Husser was a part of the enterprise between himself and Jane Doe, he is distinct from the enterprise. Edvisors also pleaded facts to show that the Hussers had a part in directing both enterprises' affairs through a pattern of racketeering activity. (Doc. 1, ¶¶ 13, 19-20). Thus, Edvisors sufficiently alleges facts to state a claim under § 1962(c).

### iv. § 1962(d)

To establish that a person is conspiring to violate subsection (a), (b), or (c) under subsection (d), the plaintiff must show that the parties were in agreement to violate a RICO subsection and that they committed an overt act in furtherance of that agreement. *Beck v. Prupis*, 529 U.S. 494, 505-06 (2000). In a civil RICO suit, a plaintiff cannot base its claim "on injury caused by *any* act in furtherance of a conspiracy…[,but rather it must] allege injury from an act that is …independently wrongful under RICO" *Id.* In this case, Edvisors alleged that the Hussers were in agreement to commit wire fraud (Doc. 1, ¶13), that the Hussers fraudulently completed questionnaires on the internet (Doc. 1, ¶ 13), that Mr. Husser entered into an agreement with Jane Doe to commit wire fraud (Doc. 1, ¶ 18), that Mr. Husser used the internet to provide means for Jane Doe to fraudulently complete online questionnaires (Doc. 1, ¶ 19-20), and that these acts caused the plaintiff's injury (Doc. 1, ¶ 23). These alleged facts make it plausible that an agreement existed, that the Hussers committed wire fraud in furtherance of the agreement, and that Edvisors suffered injury as a result; and therefore, the Court finds that the allegations support liability under § 1962(d).

### c. State Law Claims

The Louisiana racketeering laws are modeled after federal RICO statutes, and federal decisions are considered persuasive in deciding Louisiana racketeering cases. *State v. Touchet*, 759 So.2d 194, 197 (La. App. 3 Cir. 2000). Since the Court has found that Edvisors' Complaint

8

sufficiently alleges facts to state a claim under the federal RICO statute, it follows that Edvisors' Complaint also alleges facts to state a claim under Louisiana racketing laws.

### IV. Conclusion

In this 12(b)(6) motion to dismiss, the Court must view the facts in the light most favorable to Edvisors and must accept well-pleaded facts as true. The Court finds the facts pleaded by Edvisors establish the common required elements of the RICO statute: (1) a RICO person, (2) a pattern of racketeering activity, and (3) an enterprise. The Court also finds that Edvisors has pleaded facts sufficient to state a claim pursuant to each of the RICO statute subsections and Louisiana's corresponding racketing law.

Accordingly, for the reasons stated herein, the Hussers' Partial Motion (doc. 6) to Dismiss is **DENIED.**

Signed in Baton Rouge, Louisiana on August 4, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**